# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20119
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEVON MICHEL SPICER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-732-6

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Devon Michel Spicer and others were involved in a health care fraud conspiracy. *United States v. St. Junius*, 739 F.3d 193, 197 (5th Cir. 2013). The district court sentenced Spicer to three concurrent terms of 60 months of imprisonment to be followed by three concurrent terms of three years of supervised release. As a condition of supervised release, Spicer was to pay $794,434.08 in restitution. On direct appeal, we affirmed Spicer's convictions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and sentence in all respects, except the restitution order. *St. Junius*, 739 F.3d at 214-215. We vacated Spicer's term of supervised release and remanded for resentencing on that point. On remand, Spicer submitted a memorandum in mitigation of sentence seeking a downward departure from the sentencing guidelines recommended range of imprisonment based on evidence of his post-sentence rehabilitation. The district court considered the motion and then reimposed all of the terms of the original sentence except the amount of restitution was reduced to $653. No objection was made to the sentence. Spicer now appeals the district court's decision not to grant his motion in mitigation.

Spicer argues that the district court did not consider adequately the evidence of his rehabilitation efforts under the factors in 18 U.S.C. § 3553(a). We review sentences pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), When, as in this case, a defendant fails to preserve a claim of error, however, this court applies the plain error standard. *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). To the extent that Spicer raises a procedural issue by contending that the district court did not consider his motion in mitigation and supporting evidence, the record shows that this contention is false.

To the extent that Spicer argues that his sentence on remand was not reasonable, sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Spicer has failed to allege any specific failure in the district court's consideration of any sentencing factor. Spicer's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the weighing of those factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.